**Kulwinder SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74157.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 15, 2006.

R.App. P. 34(a)(2).

TSZ–Hai Huang, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., U.S. Department of Justice Civil Rights Division/Appellate Section, Ryan Morrison, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Kulwinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Chebchoub v. INS,* 257

F.3d 1038, 1042 (9th Cir.2001), and deny the petition.

Substantial evidence supports the IJ's adverse credibility finding based on inconsistencies between petitioner's testimony and application regarding torture by the Punjabi police and whether police are still looking for him, and implausible testimony regarding the reasons for his second arrest and his alleged fear of the Punjabi police. *See id.* at 1043–45.

Because petitioner failed to demonstrate that he is eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because petitioner's CAT claim is based on the same testimony that was found not credible, and he points to no other evidence to support the claim, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

